[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Justin Juan De La Cruz Martinez,

**Plaintiff(s),**

vs.

Judge Katherine B. Emery,

**Defendant(s).**

RECEIVED

JUN 07 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 24-50223

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is Justin Juan De La Cruz Martinez.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.    Defendant, _Judge Katherine B. Emery_ , is
                        (name, badge number if known)

☑ an officer or official employed by _The Supreme Court / westrum lum / circuit Counter_ ;
                                        (department or agency of government)

_____ or

☑ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5.    The municipality, township or county under whose authority defendant officer or official

      acted is _Westmoreland County_ . As to plaintiff's federal

      constitutional claims, the municipality, township or county is a defendant only if

      custom or policy allegations are made at paragraph 7 below.

6.    On or about _6/5/24_ , at approximately _12 a.m_ ☑ a.m. ☐ p.m.
                    (month, day, year)
      plaintiff was present in the municipality (or unincorporated area) of _Reading_

      _____ , in the County of _white Side_ ,

      State of Illinois, at _502 N. 12th Ave, Albury IL 61230_ ,
                          (identify location as precisely as possible)

      when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

      ☐    arrested or seized plaintiff without probable cause to believe that plaintiff had
           committed, was committing or was about to commit a crime;
      ☐    searched plaintiff or his property without a warrant and without reasonable cause;
      ☐    used excessive force upon plaintiff;
      ☑    failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
           one or more other defendants;
      ☑    failed to provide plaintiff with needed medical care;
      ☑    conspired together to violate one or more of plaintiff's civil rights;
      ☑    Other:
      _Defendant Sent Plaintiff harassing Mail_

      _____

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____.

7.    Defendant officer or official acted pursuant to a custom or policy of defendant

municipality, county or township, which custom or policy is the following: (*Leave blank*

*if no custom or policy is alleged*):_____

_____

_____

_____.

8.    Plaintiff was charged with one or more crimes, specifically:

_____

_____

_____

_____

_____

9.    (*Place an X in the box that applies. If none applies, you may describe the criminal
proceedings under "Other"*) The criminal proceedings

☐  are still pending.

☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐  Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows_____

_____.

☒ Other:__*Correspondence Regaining Civil Matters relating*__.
*to Criminal Cases on Appeal.*

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

As argued in Attached Complaint, Plaintiff argues Defendant Sued 10 orders Regarding Statements of which Appeals has already been argued to a higher Court — By the Payment of the Plaintiff through motions of offices at the Defendant.

Complaint is in Relation to 2 other cases against the Defendant filed on 5/31/24 with this Court.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Mental Suffering, See attached Complaint.

13. Plaintiff asks that the case be tried by a jury. ☒ Yes ☐ No

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14.     Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.


        **WHEREFORE,** plaintiff asks for the following relief:

A.      Damages to compensate for all bodily harm, emotional harm, pain and suffering,

        loss of income, loss of enjoyment of life, property damage and any other injuries

        inflicted by defendant;

B.      ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

        against the individual defendant; and

C.      Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _John Whirly_

Plaintiff's name *(print clearly or type)*: _Justin Martinez_

Plaintiff's mailing address: _502 N. 12th Ave_

City _Albany_          State _IL_          ZIP _61230_

Plaintiff's telephone number: (_909_) _851-3776_.

Plaintiff's email address *(if you prefer to be contacted by email)*: ___

___

15.     Plaintiff has previously filed a case in this district.  ☒ Yes  ☐ No

        *If yes, please list the cases below.*


*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

3:24-CV·50210, 50207, 50209, 50210, 50211 ~/50212

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

JUSTIN JUAN DE LA CRUZ MARTINEZ

PLAINTIFF

Vs                                                Civil Action No_____

Judge Katherine B. Emery.

DEFENDANT

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

1. This is a claim for violation of Plaintiff's Civil Rights as protected by the
Constitution and laws of the United States under 42 U.S.C 1983, 1985 and 1986.

2. The Court has jurisdiction under 28 U.S.C 1343 and 1367.

3. The Plaintiff's full name is Justin Juan De La Cruz Martinez.

4. Defendant, Katherine B. Emery, is a Conspiring Judge working for of the
Government of Westmoreland County, Pennsylvania and an Individual.

5. The county under whose authority Defendant acted is Westmoreland County.

6. On June 5th of 2024 Plaintiff was at Plaintiff home located at 502 N. 12 Ave
in Albany, Illinois, 61230 when co-conspirator Office of Court Administrator sent 10
"ORDER OF COURT" ( EXHIBIT 1) prepared by the Defendant to the Plaintiff
home Ordering that the Plaintiff file / Serve Concise Statements in contradiction to

EXHIBIT 6

Defendant "TRIAL OPINION PURSUANT TO PA. R.A.P. RULE 1925 EXHIBIT 2 and the Letter from co-conspirator / Gina O'Barto in that of EXHIBIT 3 of which the Defendant violated Plaintiff's Civil rights when Defendant failed to intervene to protect Plaintiff's civil rights by one or more other Defendants and Conspired together to violate one or more of Plaintiff's civil rights which has resulted in this Complaint.

7. Defendant argues Received Concise Statement not filed because Appellant "did not ask" that it be filed by conspiring office of Court Administration, in related complaints dated 5/14/24 to this Court.

8. Plaintiff argues these 10 Order of Court sent to the Plaintiff home is harassment of which these new orders signed by the Defendant on 5/30/24, post dated 5/30/24, received by the Plaintiff at place of residence on 6/5/24 is harassment in addition to the Plaintiff Civil rights to fair and unbiased, non-prejudicial judicial proceedings as a citizen of the United States and a resident of Illinois at the Plaintiff home.

9. The Plaintiff has put forth an appeal, challenging the Defendant's contrary order and Conspiring and Defendant's participation in said Conspiracy as indicated in Exhibits by the Defendant in spite of the Defendant's own argument.

10. Plaintiff further alleges conspiracy as follows:

11. The Plaintiff argues that this is the **forth** time that the Defendant has conspired against the Plaintiff with an office of Court Administration in related case 2: 24-CV-279 regarding the Plaintiff finances and approval status regarding Plaintiff petitions to

proceed in Forma Pauperis argued December 29th of 2023 as well as paperwork.

12. The Plaintiff argues that the Defendant's contrary order is clear in that the conspirator Judge Katherine B. Emery clearly states in EXHIBIT 2 that the Court found that the Plaintiff was indigent and unable to pay for the fees and costs of the prosecution of this case. and yet Gina O'barto personally sends the Plaintiff 10 orders after the same individual sent correspondence on May 16th in that of EXHIBIT 3 that all cases are being transferred to the Court of Appeals.

13. The Plaintiff argues that the Defendant fails to protect the Plaintiff civil rights to not be harassed with unjustified fees / debts in any amount because the Defendant is in Conspiracy with Gino O'barto / Court Administrator , argued in related case  24-CV-279

14. Defendant acted knowingly, intentionally, willfully and maliciously.

15. As a result of the Defendant's Conduct, Plaintiff is injured, subjected to harassment by the Defendant as well as stressful situations of financial hardships in addition to argument of judicial correspondence affirmed as sent by the Defendant and not filed by Court Administration under the argument that the plaintiff "did not ask" to have them filed. What is this? Oliver Twist, then? So why, Then, did the Court Administration file that Plaintiff's last Concise Statements? Theplaintiff does not recall "asking." Furthermore, the Plaintiff was advised by the Defendant that all court-related documents needed to be filed "in person" or by "First Class" only. The Plaintiff sent a  Concise Statements regarding all 10

cases, in a 17 page CONFIRMED receiving of said Concise Statement of the Defendant, in direct relation to the Court Administration office. So what is the problem? Answer: The Defendant is again conspiring against the Plaintiff with Court Prothonotary Office and writing "Orders" and having Gina O'Barto send harassing communications to the Plaintiff in the mail to the Plaintiff home in Illinois, affecting the Plaintiff mental wellbeing and right to otherwise have enjoyed the day and the month since and this continual issue specifically will be discussed repeatedly during the Plaintiff therapy sessions, which all considered, is the result of this complaint .

WHEREFORE, Plaintiff asks fo the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and / or suffering, loss of income, loss of enjoyment of life and any other injuries inflicted by the Defendant / actions, as submission of these documentations are not free.

B. Punitive damages against the Defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including reasonable expenses as authorized by 42 U.S.C 1998

Therefore, The Plaintiff asks this Court to consider this complaint in light of the other 2 cases against the Defendant alleging harassment filed 5/31/24 in that of 3:24-CV-50210 and 3:24-CV-50212 as the Defendant is abusing the Plaintiff

under the guise of standard Judicial Proceedings, which they are not. The

Plaintiff alleges, as do the EXHIBITS, that the Defendant is abusing her position

as Judge, harassing the Plaintiff at his home in Illinois by Judicial Bullying,

violating the Plaintiff right to live in peace at home. This is the 3rd Complaint this

Plaintiff has filed with this court now.

Signed, _____ 6/5/24

Justin Juan De La Cruz Martinez / Plaintiff

Address: 502 12th Ave N, Albany, IL 61230

Phone: 909-851-3776

Email:

18. Plaintiff has not previously filed a case in this District.

**STATEMENT OF VERIFICATION**

I have read the above complaint and it is correct to the best of my Knowledge.

Signed, _____ 6/5/24

Justin Juan De La Cruz Martinez / PLAINTIFF

| From | <usdc_ecf_ilnd@ilnd.uscourts.gov> |
|---|---|
| To: | <ecfmail_ilnd@ilnd.uscourts.gov> |
| Date | Jun 3 at 3:01 PM |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

### Northern District of Illinois - CM/ECF NextGen 1.7.1.1

## Notice of Electronic Filing

The following transaction was entered on 6/3/2024 at 3:00 PM CDT and filed on 5/31/2024

**Case Name:** De La Cruz Martinez v. Emery
**Case Number:**
**Filer:** Justin Juan De La Cruz Martinez
**Document Number:**

**Docket Text:**

**3:24-cv-50212 Notice has been electronically mailed to:**

Justin Juan De La Cruz Martinez

**3:24-cv-50212 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

| From | <usdc_ecf_ilnd@ilnd.uscourts.gov> |
|------|-----------------------------------|
| To: | <ecfmail_ilnd@ilnd.uscourts.gov> |
| Date | May 31 at 4:42 PM |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF NextGen 1.7.1.1

### Notice of Electronic Filing

The following transaction was entered on 5/31/2024 at 4:42 PM CDT and filed on 5/31/2024

**Case Name:** De La Cruz Martinez v. Emery
**Case Number:**
**Filer:** Justin Juan De La Cruz Martinez
**Document Number:**

**Docket Text:**

**3:24-cv-50210 Notice has been electronically mailed to:**

Justin Juan De La Cruz Martinez

**3:24-cv-50210 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

IN THE COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
(CIVIL)

JUSTIN MARTINEZ

PLAINTIFF,

V.                                          No: 5007 of 2023

Anthony Iannamorelli

DEFENDANT,

*********************************************************************************

JUSTIN MARTINEZ

PLAINTIFF,

V.                                          No: 5017 of 2023

Commonwealth Of Pennsylvania

DEFENDANT,

*********************************************************************************

JUSTIN MARTINEZ

PLAINTIFF,

V.                                          No: 5116 of 2023

Joseph R. Lawrence

DEFENDANT

*********************************************************************************

EXHibit 1

JUSTIN MARTINEZ

PLAINTIFF,

V.                                              No: 4616 of 2023

Commonwealth of Pennsylvania

DEFENDANT,

*********************************************************************************
JUSTIN MARTINEZ

PLAINTIFF,

V.                                              No: 5118 of 2023

James H. Robinson

DEFENDANT,

*********************************************************************************
JUSTIN MARTINEZ

PLAINTIFF,

V.                                              No: 5117 of 2023

Trib Total Media, LLC/TRIBLIVE

DEFENDANT,

*********************************************************************************
JUSTIN MARTINEZ

PLAINTIFF,

V.                                                          No: 3100 of 2023

Tony Marcocci

DEFENDANT,

**********************************************************************************

JUSTIN MARTINEZ

PLAINTIFF,

V.                                                          No: 3097 of 2023

Peter G. Flanigan

DEFENDANT,

**********************************************************************************

JUSTIN MARTINEZ

PLAINTIFF,

V.                                                          No: 3096 of 2023

Anthony Iannamorelli

DEFENDANT,

**********************************************************************************

JUSTIN MARTINEZ

PLAINTIFF,

V.                                                          No: 3095 of 2023

Henry Fontana

DEFENDANT,

**PLAINTIFF RESPONSE TO 10 "ORDER OF COURT" DATED 5/30/24 AND**

**RECEIVED 5/5/24 at PLAINTIFF RESIDENCE IN ILLINOIS /**

**"CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL"**

**REGARDING ALL ORDERS.**

And now comes the PLAINTIFF on this day of May the fifth of

of Two Thousand and Twenty Four, by and through way of self-representation as

PRO SE, and does hereby respond to this Conspiring Court / Judge Katherine B.

Emery said 10 "ORDER OF COURT" to file of record a "Concise Statement of the

Matters Complained of on Appeal" regarding all 10 orders in the form of a Complaint.

1. The Plaintiff argues firstly that, according to the Westmoreland County

Prothonotary office, all of the cases listed above this Court has ordered the Plaintiff to

provide a Concise Statement in each case, see exhibit 1, related cases of which this

Court has ignored prior Statements filed by the Plaintiff prior, see EXHIBIT 2, have been

transferred to the Court of Appeals. See EXHIBIT 3.Why the "orders" Conspiring Court?

2. The Plaintiff argues secondly that this Court is the recipient / Defendant in 5 complaints by the Plaintiff against this Court / Judge under allegations of Harassment and Conspiracy in violation of 18. U.S.C 241 / 242 in EXHIBITS 4, 5 and 6.

3. The Plaintiff now complains that because the Judge has "Ordered" this Concise Statement regarding each of these cases, The Plaintiff must oblige 1 argument (of many) per case, including EXHIBITS, as the court complains that the Plaintiff "rambles".

4. The Plaintiff complains that This Court did not review the Evidence / Witness testimony Regarding Park Police Chief Henry Fontana. It is evident that Henry Fontana Conspired with the district Attorney's office against the Plaintiff and further evident that Henry Fontana conspired with Board of Commissioners Donald O'Brien, because that is what Fontana testified to.

5. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding Assistant District Attorney Anthoney Iannamorelli, whom admits in a court of law to "Playing Dirty" and "Clipping Evidence" and conspires openly in a Court of law with Judges timothy Creany and christopher Feliciani and in doing so violates the Plaintiff civil Rights by way of Malicious Prosecution.

6. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding the incompetent former Assistant District Attorney Anthoney Peter Flanigan, whom continued to maliciously Prosecute the Plaintiff after arguing to a co-conspiring Judge that he would "find something" after conspiring MVR evidence was

viewed by the equally conspiring Judge Feliciani, whom upheld a motion still upheld arguing Conspiracy by state police against the Plaintiff.

7. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding Assistant District Attorney Office Conspiring Detective Tony Marcocci truly incompetent, one-sided investigation to support false "wiretapping" Charges and the False arrest of the Plaintiff, neglecting 5 other witnesses and the Plaintiff Civil rights to record in public, which resulted in the Plaintiff being tortured in Prison…but that is another lawsuit / Argument which may be argued as "rambling".

8. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding the Commonwealth of Pennsylvania Judicial authority being manipulated by all Westmoreland County Courthouse Conspiring Judges and Attorneys and Employees and their Co-Conspirators, like TRIBLIVE.

9. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding Trib total Media, LLC TRIBLIVE, in the falsification / publication of fabricated evidence which was not only released to the Public regarding the Plaintiff, but regurgitated by multiple Judges during trials and "Orders of the Courts" and "Opinions". The Plaintiff further argues that when Judges Timothy Creany, Richard McCormick and Christopher Feliciani Opinions are reviewed, their opinions appear to be based on news information fabricated by TRIBLIVE rather than Court recorded Witness Testimony and Actua video / audio and eye witness evidence.

10. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding Joseph Lawrence, whom works with TRIBLIVE and testified to the Inaccuracy / incompetence of said newspaper / media grudgingly and still got the facts wrong during testimony in the end, which is why he is sued individually.

11. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding the involvement of the Commonwealth of Pennsylvania, as the district Attorney's office Maliciously Prosecuted the Plaintiff not once, or even twice, but three times. The Commonwealth is accountable to those it gives its authority to when it is abused. There should be 3 lawsuits. Presently there are only 2.

12. The Plaintiff complains that This Court did not review the Evidence / Witness testimony regarding Assistant District Attorney Anthoney Iannamorelli. Or maybe it did. This court is accused of Conspiring with other conspirators, so perhaps this conspiring Court did review the evidence, but just chose to ignore it. Iannamorelli is a conspiring, treasonist, terrorizing simpleton, admitting to clipping evidence in a court of law, during trial. What an absolute ignoramus.The only person more foolish that Iannamorelli is Judge Timothy Creany for ruling that Iannamorelli did not do what Iannamorelli said he did in a court of law. This Court has ignored that evidence which is self-evident

13. The Plaintiff complains that This Court did not review the Evidence / Witness testimony / transcripts / motions and complaints regarding Defense Attorney James H. Robinson, whom was supposed to uphold the Plaintiff right to a fair trial and is accused

of conspiring with the Prosecution / Judge in advising the Plaintiff not to bring forth witnesses, allowing the Malicious Prosecution to Threaten the Plaintiff entire Witness testimony and then telling a conspiring Judge that is not what happened and advising the Plaintiff again to not take the stand or call witnesses and have a short closing Argument, in addition to neglecting to file time sensitive motions to preserve the Plaintiff Civil rights regarding new trial / retrial ect.

Therefore, even though this Court has conspired against the Plaintiff and is a Defendant in 5 cases. Excuse me, 6 cases. 2 are already filed in Illinois, see attached EXHIBITS 4 and 5. EXHIBIT 6 will be filed June 7th of 2024, ....Even though this Court has openly conspired against the Plaintiff and harassed the Plaintiff at the Plaintiff residence in Illinois , see attached exhibits 1 though 5, the Plaintiff / Appellant has responded to this Conspiring court's orders and reminds this Court once again that nothing has changed: Conspire against me. Try to bully me. I will sue you. I will protest you. I am Suing you. Don't make me come and protest you, conspirator. For now, I will continue to Sue you (case in point: EXHIBIT 6) and anyone that you arrogantly, openly conspire with. See attached EXHIBITS 7, 8 and 9. Now you should stop sending me harassing Court Orders as EXHIBIT 2 argues This Conspiring Court is only looking for ways to ignore Plaintiff Concise Statements in any way possible, in spite of Plaintiff Civil Rights.

SIGNED _____  DATE 6/5/24

JUSTIN MARTINEZ / PLAINTIFF / APPELLANT

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION – LAW

JUSTIN MARTINEZ,        )
           )
         Plaintiff,      )
           )
v.                  )     No. 5116 of 2023
           )
           )
JOSEPH R. LAWRENCE,    )
           )
         Defendant.    )

## ORDER OF COURT

AND NOW, to wit, this __30th__ day of May, 2024, it appearing to the court that a filing in the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained of on Appeal regarding the order. The Statement shall be served on the court in person or by first class mail at:

Court Administration
2 North Main Street
Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

EXHIBIT 1

1

CIVIL DIVISION – LAW

JUSTIN MARTINEZ, )
                                 )
             Plaintiff, )
                                 )
    v.                            )     No. 5117 of 2023
                                 )
TRIB TOTAL MEDIA, LLC/TRIBLIVE, )
                                 )
            Defendant. )

## ORDER OF COURT

AND NOW, to wit, this _30ᵗʰ_ day of May, 2024, it appearing to the court that a filing in

the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff

in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within

twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate

Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the

Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained

of on Appeal regarding the order. The Statement shall be served on the court in person or by first

class mail at:

> Court Administration
> 2 North Main Street
> Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P.

1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant

to subdivision (b) shall be deemed waived.

EXHIBIT 1

1

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION – LAW

JUSTIN MARTINEZ,                )
                                )
            Plaintiff,          )
                                )
    v.                          )        No.  5118 of 2023
                                )
JAMES H. ROBINSON,              )
                                )
            Defendant.          )

## ORDER OF COURT

AND NOW, to wit, this ___30___ day of May, 2024, it appearing to the court that a filing in the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained of on Appeal regarding the order. The Statement shall be served on the court in person or by first class mail at:

> Court Administration
> 2 North Main Street
> Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Exhibit 1

1

CIVIL DIVISION – LAW

JUSTIN MARTINEZ,                            )
                                           )
                Plaintiff,                 )
        v.                                 )        No. 5017 of 2023
                                           )
COMMONWEALTH OF                            )
PENNSYLVANIA,                              )
                Defendant.                 )

## ORDER OF COURT

AND NOW, to wit, this 30ᵗʰ day of May, 2024, it appearing to the court that a filing in

the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff

in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within

twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate

Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the

Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained

of on Appeal regarding the order.  The Statement shall be served on the court in person or by first

class mail at:

> Court Administration
> 2 North Main Street
> Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P.

1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant

to subdivision (b) shall be deemed waived.

Exhibit 1

1

CIVIL DIVISION – LAW

JUSTIN MARTINEZ,                      )
                                   )
           Plaintiff,            )
v.                            )     No. 5007 of 2023
                                   )
ANTHONY IANNAMORELLI,      )
                                 )
          Defendant.       )

## ORDER OF COURT

AND NOW, to wit, this 30ᵗʰ day of May, 2024, it appearing to the court that a filing in the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained of on Appeal regarding the order. The Statement shall be served on the court in person or by first class mail at:

> Court Administration
> 2 North Main Street
> Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Exhibit 1

1

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION – LAW

| | | |
|---|---|---|
| JUSTIN MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4616 of 2023 |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, to wit, this 30ᵗʰ day of May, 2024, it appearing to the court that a filing in

the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff

in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within

twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate

Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the

Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained

of on Appeal regarding the order. The Statement shall be served on the court in person or by first

class mail at:

Court Administration
2 North Main Street
Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P.

1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant

to subdivision (b) shall be deemed waived.

EXHIBIT 1

1

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA

CIVIL DIVISION – LAW

| | |
|---|---|
| JUSTIN MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3100 of 2023 |
| | ) |
| TONY MARCOCCI, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, to wit, this _30ᵗʰ_ day of May, 2024, it appearing to the court that a filing in

the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff

in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within

twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate

Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the

Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained

of on Appeal regarding the order. The Statement shall be served on the court in person or by first

class mail at:

Court Administration
2 North Main Street
Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P.

1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant

to subdivision (b) shall be deemed waived.

Exhibit 1

1

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION – LAW

JUSTIN MARTINEZ,              )
                                   )
            Plaintiff,      )
v.                           )      No. 3097 of 2023
                                   )
PETER G. FLANIGAN,      )
                                   )
            Defendant.   )

## ORDER OF COURT

AND NOW, to wit, this 30th day of May, 2024, it appearing to the court that a filing in the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained of on Appeal regarding the order. The Statement shall be served on the court in person or by first class mail at:

Court Administration
2 North Main Street
Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Exhibit 1

1

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION – LAW

| | |
|---|---|
| JUSTIN MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  3096 of 2023 |
| | ) |
| ANTHONY IANNAMORELLI, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, to wit, this 30ᵗʰ day of May, 2024, it appearing to the court that a filing in the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained of on Appeal regarding the order.  The Statement shall be served on the court in person or by first class mail at:

Court Administration
2 North Main Street
Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

EXHibit 1

1

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL DIVISION – LAW

JUSTIN MARTINEZ,                       )
                                       )
                Plaintiff,             )
        v.                             )        No.  3095 of 2023
                                       )
HENRY FONTANA,                         )
                                       )
                Defendant.             )

**ORDER OF COURT**

AND NOW, to wit, this 30ᵗʰ day of May, 2024, it appearing to the court that a filing in

the manner of a Notice of Appeal of this court's April 12, 2024 Order has been filed by the Plaintiff

in the above-captioned matter, it is hereby ORDERED, ADJUDGED AND DECREED that, within

twenty-one (21) days from the date of this order pursuant to Rule 1925(b) of the Rules of Appellate

Procedure, Plaintiff Justin Martinez shall file of record with a copy to this court and serve on the

Undersigned, pursuant to Pa. R.A.P. 1925(b)(1), a Concise Statement of the Matters Complained

of on Appeal regarding the order.  The Statement shall be served on the court in person or by first

class mail at:

> Court Administration
> 2 North Main Street
> Greensburg, PA 15601

It is further ORDERED, ADJUDGED AND DECREED that, per Pa. R.A.P.

1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served pursuant

to subdivision (b) shall be deemed waived.

EXHIBIT 1

1

In accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Katherine B. Emery, Senior Judge

ATTEST:

_____

Prothonotary

CC:    File
        Plaintiff, *pro se*, 502 N. 12th Ave., Albany, Ill. 61230
        Court Administration

EXHIBIT 1

2

To: The ACLU

From: Justin Martinez

Letter # 36

Subject: **Conspiracy. Judge Katherine B. Emery. Case / Complaint to be assigned**

So over the last 35 days I have written you regarding 58 cases I have filed against Employees ,

Individuals and Offices of the Conspiring Government of Pennsylvania...including, but not

limited to 6 government Courthouse Employees of various Offices, 3 Pennsylvania State

Police,2 Assistant District Attorneys and 5 Judges, one of which is Katherine B. Emery.

Yesterday I wrote to you about this Judge's seemingly innocent 10 "Order of Court' regarding

"Concise statements" in relation to my notices of appeals filed in April of 2024, according to

conspiring Judge's orders dated May 30th of 2024, which is more than a month later, and after I

filed a motion to have all of my cases transferred to the Court of Appeals in Philadelphia due to

multiple complaints against Conspiring Judge Katherine B. Emery, including one that will be filed

in Illinois tomorrow. So today I am doing something a little "different". I am writing to you about a

case that will be filed as opposed to ones that have already been filed. Why? IDK. Just to do

something different, I suppose. However minutely this difference may be, it is what it is...or I

should say will be what it is. I still need your help. But as you will see, I am not waiting around

for it. In the time it may take you to respond, These issues may already be addressed.

HA HA HA HA HA. Not Likely, as my protests lack one thing: Presence. Meh. I am in no hurry to

take these issues to the Streets of the Capital. Besides, I still have 59 minus 36 letters to write...

And counting...as the number of complaints keep rising. I have another Complaint to file.

Until tomorrow then. Signed_____Date__6/1/21/

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
CIVIL DIVISION

JUSTIN MARTINEZ, )
)
      Plaintiff, )
vs. ) No. 5008 of 2023
)
TY SMITH, )
)
      Defendant. )
*********************************************

JUSTIN MARTINEZ, )
)
      Plaintiff, )
vs. ) No. 5009 of 2023
)
JUDSON SHEPHARD, )
)
      Defendant. )
*********************************************

JUSTIN MARTINEZ, )
)
      Plaintiff, )
vs. ) No. 5010 of 2023
)
TY SMITH, )
)
      Defendant. )
*********************************************

JUSTIN MARTINEZ, )
)
      Plaintiff, )
vs. ) No. 5011 of 2023
)
PENNSYLVANIA STATE )
POLICE DEPARTMENT, )
)
      Defendant. )
*********************************************

EXHIBIT 2

JUSTIN MARTINEZ, )
)
Plaintiff, )
vs. )                    No. 5012 of 2023
)
JUDSON SHEPHARD, )
)
Defendant. )

*************************************************

JUSTIN MARTINEZ, )
)
Plaintiff, )
vs. )                    No. 5013 of 2023
)
STEPHINE SMITH, )
)
Defendant. )

*************************************************

JUSTIN MARTINEZ, )
)
Plaintiff, )
vs. )                    No. 5014 of 2023
)
PENNSYLVANIA STATE )
POLICE DEPARTMENT, )
)
Defendant. )

*************************************************

JUSTIN MARTINEZ, )
)
Plaintiff, )
vs. )                    No. 5015 of 2023
)
STEPHINE SMITH, )
)
Defendant. )

*************************************************

JUSTIN MARTINEZ, )
)
Plaintiff, )
vs. )                    No. 5016 of 2023
)
STEPHINE SMITH, )
)
Defendant. )

2

## TRIAL OPINION PURSUANT TO PA.R.A.P. RULE 1925(a)

The Appellant, Justin Juan de La Cruz Martinez, pro se, filed nine (9) civil complaints against four (4) Defendants and simultaneously filed a Petition to Proceed *in Forma Pauperis* with each case. After a hearing on the Petitions to Proceed *in Forma Pauperis*, the Court denied the Petition by Order dated January 11, 2024. On January 24, 2024, Appellant filed a Notice of Appeal. Since Mr. Martinez was not granted *in forma pauperis*, the Prothonotary did not initially file his notice as a valid appeal. On April 1, 2024, this Court directed Appellant Martinez to file a Concise Statement of Matters Complaint of on Appeal within twenty-one days. The Appellant HAS NOT filed a Statement of Matters Complained of.

## FACTUAL AND PROCEDURAL HISTORY

The nine cases were filed against the Pennsylvania State Police ("P.S.P.") (Case No. 5011-2023; 5014-2023); two cases were against Pennsylvania State Police Trooper Judson Shepard (5009-2023; 5018-2023); three cases were against Trooper Stephine Smith (5013-2023; 5015-2023; 5016-2023); and two were filed against Trooper Ty Smith (5008-2023; 5010-2023). The allegations set forth in the nine complaints all related to the interactions between the three troopers and Plaintiff Martinez in November of 2019 and the subsequent criminal charges and jury trial. A criminal trial was held in August of 2022, which resulted in Mr. Martinez being found guilty of disorderly conduct, a third-degree misdemeanor at Westmoreland County Criminal Docket Number 281-2020.

In the cases at hand, the Plaintiff filed the Complaints and Petitions to Proceed *in Forma Pauperis*, and the Westmoreland County Prothonotary docketed the matter and petitions without the payment of any filing fees. The Court held a hearing on the Petitions to Proceed *in Forma Pauperis* on December 29, 2023. Mr. Martinez appeared and testified to his financial status and also voiced his objections to having the proceeding and timing of the proceeding. The Court found that each case was frivolous and reasons were provided and therefore, the Court denied the Petition to Proceed *in Forma Pauperis*. Mr. Martinez could proceed if he filed the required filing fees.

The Court directed the Appellant to file a Statement of Matters Complained of on Appeal. He has not complied. However, the Appellant did provide the Court with a document entitled

3

"Plaintiff Response to Court Order dated 1st of April, 2024; Concise Statement of Matters Complained of on Appeal." He did not file it nor did he ask Court Administration to file it. This Statement was seventeen pages in length, contained twenty-six (26) lengthy paragraphs.

WAIVER OF ALL ISSUES ON APPEAL

1. APPELLANT HAS FAILED TO FILE A CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

The Appellant has failed to file a Statement of Matters Complained of on Appeal on any of the cases set forth the above. On April 1, 2024, the Court directed the Appellant to file the Statement pursuant to Rule 1925(b) and was directed to file the Statement with a copy to the Court at Court Administration, 2 North Main Street, Greensburg, PA 15601. Mr. Martinez did provide a copy of a document entitled "Plaintiff Response to Court Order dated 1st of April, 2024; Concise Statement of Matters Complained of on Appeal." However, he did not file the original and it is not of record. Pennsylvania Law sets a bright line rule that failure to file a Statement of Matters Complained of results in waiver of all issues. Com. v. Gravely, 970 A.2d 1137, 1145 (Pa. 2009). The Appellant has failed to file his Concise Statement of Matters Complained of and therefore, all issues are waived.

2. THE UNFILED STATEMENT OF MATTERS COMPLAINED OF ON APPEAL PROVIDED TO THE COURT WAIVES ALL ISSUES.

The Appellant provided the Court with a seventeen (17) page Concise Statement of Matters Complaint of on Appeal with twenty-six (26) paragraphs. He did not file this document. However, even if the Court considers this to be a valid Statement of Matters Complained of on Appeal, the issues are waived. The purpose of Pa. Rules of Appellate Procedure Rule 1925 is to "aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." Commonwealth v. Dowling, 778 A.2d 683, 686 (Pa. Super. 2001). An appellant waives all matters for review where the concise statement contains voluminous issues. Jones v. Jones, 878 A.2d 86 (Pa. Super. 2005) (seven-page, twenty-nine issue statement results in waiver.) Likewise, if the Statement is rambling or incoherent, all issues are waived. Jiricko v. Geico Ins. Co., 947 A.2d 206, 213 (Pa. Super. 2008) (finding the statement was an "incoherent, confusing, redundant,

4

defamatory rant"). The Pa. Superior Court has clearly held that an appellant's concise statement must be sufficiently specific to allow the trial court to identify and address the issue an appellant wishes to raise. S.S. v. T.J., 212 A.3d 102, 2019 Pa. Super. 182. A concise statement that is too vague or rambling is of no use to the trial judge. Id.

The Court recognizes that the Appellant is a pro se litigant and has been liberal in reviewing his complaints and other filings in these cases. But a pro se litigant is not entitled to any special consideration or advantage because he is not a lawyer. Kovalev v. Sowell, 839 A.2d 359, 367 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Commonwealth v. Adams, 882 A.2d 498, 498 (Pa. Super. 2005) citing Commonwealth v. Rivera, 685 A.2d 1011, 454 Pa. Super. 451 (1996).

Mr. Martinez need only to read Rule 1925(b) to understand the requirements for the contents of a Concise Statement of Matters Complained of on Appeal. He wholly violated the requirements.

Rule 1925(b)(4) Requirements: waiver.

(i)     *The Statement shall set forth only those errors that the appellant intends to assert.*

The Appellant's Concise Statement contained much more than his asserted errors. He included a motion for recusal, ramblings about other cases, and pages of complaints of the alleged bias of this Judge because she has ruled against him.

(ii)    *The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised by the judge...*

The Appellant's Concise Statement does not concisely identify each error, nor does it explain the error. His Concise Statement disagrees wholly with the opinion of the Court but gives little specificity. He claims this Judge is biased against him because he has filed legal actions against the Judge.

(iv)    *The Statement should not be redundant or provide lengthy explanations...*

The Appellant's seventeen-page Concise Statement is redundant.

5

For all the reasons set forth herein, the Court finds that all the issues have been waived as the Concise Statement provided to the Court does not meet the requirements of Pa.R.A.P. Rule 1925(b) and the Court is unable to ascertain the allegations of error.

## COURT'S DECISION

The reasons for the Court's denial of the Appellant's Petitions to Proceed *in Forma Pauperis* are fully explained in its Memorandum Order filed January 11, 2024. Pa.R.C.P. Rule No. 240(j)(1) clearly allows the Court to deny a Petition to Proceed *in Forma Pauperis* and dismiss the case if the Court is satisfied that the action was frivolous.

## CONCLUSION

The Memorandum Order of Court dated January 11, 2024, denying the Appellant's Petitions to Proceed *in Forma Pauperis* and DISMISSING the cases should be AFFIRMED.

BY THE COURT:

Date: May 16, 2024

Katherine B. Emery, Sr. Judge

Distribution:
File
Justin Martinez
Defendants

6



## Westmoreland County

### Prothonotary
# GINA O'BARTO
http://www.co.westmoreland.pa.us/323/Prothonotary

**Lisa Genard**
**Deputy Prothonotary**

**Phone: 724-830-3502**
**Fax: 724-830-3517**

**NO. 142/143/144/145/146/147/148/149/150**
**ALL OF THE YEAR 2024**
**NO. 5008/5009/5010/5011/5012/5013/5013/5014/5015/5016**
**ALL OF THE YEAR 2023**

**JUSTIN MARTINEZ**
Plaintiff(s)

**vs.**

**TY SMITH (142 & 144 WDA 2024/5008 & 2010 OF 2023)**
**JUDSON SHEPHARD (143 & 146 WDA 2024/5009 & 5012 OF 2023)**
**PENNSYLVANIA STATE POLICE (145 & 148 WDA 2024/5011 & 5014 OF 2023)**
**STEPHANIE SMITH (147, 149 & 150 WDA 2024/5013, 5015 & 5016 OF 2023)**
Defendant(s)

**JUSTIN MARTINEZ,**

Attached are the listed filings on appeal being sent to **Appellate Court** on **May 16, 2024** at the above-mentioned Case Numbers.

**AS PER PA. R.A.P. 1931 (D)**

EXHIBIT 3

**Subject**    Activity in Case 3:24-cv-50207 De La Cruz
Martinez v. O'Barto complaint

**From**    <usdc_ecf_ilnd@ilnd.uscourts.gov>

**To:**    <ecfmail_ilnd@ilnd.uscourts.gov>

**Date**    May 31 at 3:43 PM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial
Conference of the United States policy permits
attorneys of record and parties in a case (including pro
se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by
law or directed by the filer. PACER access fees apply to
all other users. To avoid later charges, download a
copy of each document during this first viewing.
However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

### United States District Court

### Northern District of Illinois - CM/ECF NextGen 1.7.1.1

### Notice of Electronic Filing

The following transaction was entered on 5/31/2024 at 3:42
PM CDT and filed on 5/31/2024

**Case Name:**    De La Cruz Martinez v. O'Barto

**Case Number:**

**Filer:**    Justin Juan De La Cruz Martinez

**Document Number:**

**Docket Text:**

RECEIVED COMPLAINT by Justin Juan De La
Cruz Martinez; Jury Demand. (Attachments: # (1)
Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3) (jp, )

**3:24-cv-50207 Notice has been electronically mailed to:**

Justin Juan De La Cruz Martinez

**3:24-cv-50207 Notice has been delivered by other
means to:**

The following document(s) are associated with this
transaction:

EXHIBIT 7

**Subject**    Activity in Case 3:24-cv-50209 De La Cruz Martinez v. The Superior Court of Pennsylvania complaint

**From**    <usdc_ecf_ilnd@ilnd.uscourts.gov>

**To:**    <ecfmail_ilnd@ilnd.uscourts.gov>

**Date**    May 31 at 4:10 PM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**Northern District of Illinois - CM/ECF NextGen 1.7.1.1**

**Notice of Electronic Filing**

The following transaction was entered on 5/31/2024 at 4:10 PM CDT and filed on 5/31/2024

**Case Name:**    De La Cruz Martinez v. The Superior Court of Pennsylvania

**Case Number:**

**Filer:**    Justin Juan De La Cruz Martinez

**Document Number:**

**Docket Text:**

RECEIVED COMPLAINT by Justin Juan De La Cruz Martinez, Jury Demand. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2) (jp, )

**3:24-cv-50209 Notice has been electronically mailed to:**

Justin Juan De La Cruz Martinez

**3:24-cv-50209 Notice has been delivered by other means to:**



| | |
|---|---|
| **Subject** | Activity in Case 3:24-cv-50211 De La Cruz Martinez v. Wagner complaint |
| **From** | <usdc_ecf_ilnd@ilnd.uscourts.gov> |
| **To:** | <ecfmail_ilnd@ilnd.uscourts.gov> |
| **Date** | Jun 3 at 2:44 PM |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**Northern District of Illinois - CM/ECF NextGen 1.7.1.1**

## Notice of Electronic Filing

The following transaction was entered on 6/3/2024 at 2:43 PM CDT and filed on 5/31/2024

**Case Name:** De La Cruz Martinez v. Wagner
**Case Number:**
**Filer:** Justin Juan De La Cruz Martinez
**Document Number:**

**Docket Text:**
RECEIVED COMPLAINT by Justin Juan De La Cruz Martinez; Jury Demand. (Attachments: # (1) Exhibit) (p. )

**3:24-cv-50211 Notice has been electronically mailed to:**

Justin Juan De La Cruz Martinez

**3:24-cv-50211 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

EXHIBIT 9